UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASTOR D. CHANCE,<br>　　　Plaintiff,<br><br>　　　v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>MAURA HEALY, Governor, et al.<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br>**No. 23-11879-IT** |

ORDER
April 17, 2025

In 2023, Astor D. Chance filed a Complaint [Doc. No. 1] to initiate an action in this court. By Memorandum and Order [Doc. No. 6], the court granted Chance leave to proceed *in forma pauperis* but advised him that his complaint failed to state a claim upon which relief may be granted. The court directed Chance that if he wished to proceed with this action, he needed to file an amended complaint curing the pleading deficiencies and setting forth a plausible claim upon which relief may be granted. *Id.* Chance failed to file an amended complaint, and on December 19, 2023, the court dismissed this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See* Order [Doc. No. 7].

This case has now been closed since December 2023. On April 15, 2025, Chance filed the pending Motion to Transfer and Consolidate Case [Doc. No. 9], Motion to Vacate Order Dismissing Case [Doc. No. 10], and Motion for Evidentiary Hearing [Doc. No. 11].

Because the case is closed, the court starts with Chance's motion to vacate the court's December 19, 2023 Order of Dismissal [8]. That motion is both untimely and unsupported. A litigant subject to an adverse judgment who seeks reconsideration by the district court, may file a

motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Rule 60(b) (relief from judgment). A motion pursuant to Fed. R. Civ. P. 59(e) must be brought within twenty-eight days of the entry of judgment. A motion under Fed. R. Civ. P. 60(b)(1), (b)(2), or (b)(3)[1] must be brought within one year. Here, the case has been closed for more than one year. Accordingly, a motion based on any of these grounds is untimely.

Rule 60(b)(6) also allows a motion for "any other reason that justifies relief" from a judgment or order, but any such motion must be filed within "a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Here, Chance fails to provide any justification for the delay in filing his motion, making a motion under that subsection untimely as well. *See Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993) (sixteen-month delay in filing Rule 60(b) motion unreasonable because movants had "no valid excuse for having dawdled an additional fourteen months before alerting the district court to the changed circumstances"). In addition, Chance has provided no reason that justifies relief. He states that he filed the instant lawsuit "prior to the claim of the landlord, landing the matter of 'possession' in the state court." Motion to Vacate Order Dismissing Case [Doc. No. 10 at 1 (emphasis in original)]. Chance explains that the state court trial is scheduled for May 2025 and that his "grievance(s) are better adjudicated in federal court, where federal law, reigns supreme." *Id.* But his preference to proceed in federal court does not provide a reason to reopen the case where the only Complaint filed here failed to state a claim for relief and

---

[1] Rule 60(b)(1) provides for relief for "mistake, inadvertence, surprise or excusable neglect"; Rule 60(b)(1)(2) provides for relief for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and Rule 60(b)(3) provides for relief for "fraud (whether previously intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). ; "the judgment is void," Fed. R. Civ. P. 60(b)(4); "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," Fed. R. Civ. P. 60(b)(5); or "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

Chance failed to file an amended pleading. *See* Memorandum and Order [Doc. No. 6]; Order of Dismissal [8]. *See also Fisher v. Kadant, Inc.*, 589 F.3d 505, 512 (1st Cir. 2009) ("party seeking relief under Rule 60(b) must demonstrate," among other requirements, "that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim").

Because Chance has not provided a timely or meritorious ground to reopen the case, Chance's Motion for Evidentiary Hearing [Doc. No. 11] is denied as well.

Finally, Chance cannot "transfer and consolidate" in this closed case the pending state court action *Chance v. GREP Atlantic LLC, et al.*, No. 23H84CV000584 (Eastern Housing Court). The statutory provisions governing the procedures for removal of state court actions to federal court are set out in 28 U.S.C. §§ 1441 - 1452. Regardless of the nature of his state action, as plaintiff, Chance cannot remove it to a federal district court. Only a defendant may remove a state court case to a federal district court. *See* 28 U.S.C. § 1441.

Based upon the foregoing, the Motion to Transfer and Consolidate Case [Doc. No. 9], Motion to Vacate Order Dismissing Case [Doc. No. 10], and Motion for Evidentiary Hearing [Doc. No. 11] are DENIED. This case remains closed.

SO ORDERED.

April 17, 2025                                            /s/ Indira Talwani
                                                          UNITED STATES DISTRICT JUDGE